JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4604 PA (SKx) | Date | October 18, 2021 |
|---|---|---|---|
| Title | Gary Salzman v. County of Los Angeles | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | None | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS ORDER

    Defendant County of Los Angeles ("Defendant") filed a Notice of Removal on June 4, 2021. In its Notice of Removal, the County alleged that this Court possesses subject matter jurisdiction over the action filed by plaintiff Gary Salzman ("Plaintiff") on the basis of a federal question. See 28 U.S.C. § 1331. Specifically, according to the Notice of Removal, Plaintiff's Complaint "arises under 42 U.S.C. Section 2000, et seq., and 42 U.S.C. Section 12101." (Notice of Removal ¶ 3." Plaintiff's Complaint, however, does not include a claim brought pursuant to either of those federal statutes. Instead, Plaintiff's Complaint, filed in Los Angeles Superior Court by Plaintiff appearing pro se, alleged claims for "civil rights violations," wrongful death, and negligence. Although the Complaint makes a reference to the Eighth Amendment, there is no citation to a federal civil rights statute in the Complaint, and the Complaint instead appears to rely on California's Unruh Act, Bane Act, and Ralph Act. (Compl. p. 9.)

    On September 16, 2021, Plaintiff obtained leave to file a First Amended Complaint ("1st AC"). The 1st AC alleges claims for negligence and wrongful death. Again, although the 1st AC references the Eighth Amendment, 42 U.S.C. § 1997, and 42 U.S.C. § 14141, the 1st AC asserts no claim arising under federal law, and instead alleges only claims arising under state law. Then, on October 15, 2021, Plaintiff filed Notices of Appearance of Counsel, indicating that he is now represented by counsel, and is no longer appearing pro se. As a result of the filing of the Notice of Appearance of Counsel, this matter is no longer referred to the assigned Magistrate Judge for all pretrial purposes pursuant to General Order 05-07.

    Even assuming that the original Complaint alleged a federal claim, because the 1st AC alleges no federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. "[T]he district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which federal law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." Reynolds v. Cnty. of San Diego, 84

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4604 PA (SKx) | Date | October 18, 2021 |
|---|---|---|---|
| Title | Gary Salzman v. County of Los Angeles | | |

F.3d 1162, 1171 (9th Cir. 1996) (quotations and citation omitted), overruled on other grounds by Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000-01 (9th Cir. 1997) ("The Supreme Court has stated, and we have often repeated, that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.") (quotations and citation omitted); see also De La Torre v. CashCall, Inc., 2019 U.S. Dist. LEXIS 18624, at *12 (N.D. Cal. Feb. 5, 2019) ("The elimination of federal claims does not automatically deprive district courts of subject matter jurisdiction over any supplemental state law claims. . . . However, [c]omity and precedent in this circuit strongly disfavors exercising supplemental jurisdiction.") (quotations and citations omitted). For these reasons, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

      The Court further exercises its discretion to remand the action so that Plaintiff may pursue his state law claims in Los Angeles County Superior Court, where he originally filed this action. See Albingia Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d 931, 938 (9th Cir. 2003); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("[A] district court has discretion to remand a properly removed case to state court when none of the federal claims are remaining."). The action is hereby remanded to the Los Angeles Superior Court, Case No. 21STCV14966. The Court cautions Plaintiff that if he were to attempt to assert a federal claim in the state court proceedings, Defendant may attempt to again remove the action to this Court.

      IT IS SO ORDERED.